# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JAMES K CHENOWETH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:16 CV 673 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | |

## OPINION and ORDER

James K. Chenoweth, by counsel, filed a habeas corpus petition attempting to challenge his child molesting convictions and 40 year sentence by the Elkhart Superior Court under cause number 20D03-0705-FA-28 on August 27, 2009. The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases. Here, the petition must be dismissed because it is untimely. Habeas corpus petitions are subject to a strict one year statute of limitations.

>  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

> has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Chenoweth asserts:

> This petition is timely under 28 U.S.C. § 2244(d) as it was filed less than one year from the exhaustion of appeals of Mr. Chenoweth's petition for post-conviction relief. Rehearing by the Court of Appeals occurred on September 10, 2015, the Indiana Supreme Court denied transfer on December 3, 2015, and the U.S. Supreme Court denied certiorari on May 31, 2016. All of these denials have occurred within one year of the filing of this petition.

(DE # 1 at 6.) Neither that response, nor anything else in the petition indicates that his grounds are based on a newly recognized Constitutional right or newly discovered evidence. Neither has he indicated that a state-created impediment prevented him from filing this petition sooner. Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence.

The Indiana Supreme Court denied transfer in Chenoweth's direct appeal on October 20, 2010.[1] He did not file a petition for certiorari to the United States Supreme Court. Nevertheless, he had 90 days to do so and his conviction did not become final until that time expired on January 18, 2011. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*,

---

[1] The petition states that transfer was denied on October 10, 2010, but in *Chenoweth v. State*, 940 N.E.2d 827 (Ind. 2010), transfer was denied on October 20, 2010.

132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . .when the time for pursuing direct review . . . expires."). The next day, the 1-year period of limitation began. It expired a year later on January 18, 2012. Because this petition was not filed until October 5, 2016, it is nearly five years late.

Chenoweth filed a post-conviction relief petition on August 5, 2013. Had he filed it on or before January 18, 2012, it would have tolled the 1-year period of limitation. *See* 28 U.S.C. § 2244(d)(2). However, once the deadline expired, filing the post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because the petition is untimely, it must be dismissed. Though this might seem harsh, even petitions that are one day late are time barred.

> Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable

3

whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) **DISMISSES** the petition (DE # 1) pursuant to Habeas Corpus Rule 4 because it is untimely;

(2) **DENIES** a certificate of appealability; and

(3) **DIRECTS** the clerk to close this case.

**SO ORDERED.**

Date: October 18, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT
